UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**JULIANA ABSS DUARTE,**

      **CASE NO.:**

    **Plaintiff,**

v.

**ORLANDO SPORTS HOLDINGS, LLC, a foreign limited liability company, d/b/a ORLANDO CITY SOCCER CLUB,**

    **Defendant.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JULIANA ABSS DUARTE ("Abss" or "Plaintiff"), by and through his undersigned counsel, hereby files suit against Defendant, ORLANDO SPORTS HOLDINGS, LLC, ("OSH"), a foreign (Delaware) limited liability company. In support thereof, Abss alleges the following:

### JURISDICTION AND VENUE

1. This is an action to recover unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. Section 201, et seq., as amended ("FLSA"). Plaintiff seeks unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs, as well as declaratory relief and all other relief this Court deems just and proper.

2. Venue is proper in this Court under rule 1.02(c) of the Local Rules of the Middle District of Florida because the unlawful employment practices were committed in Orlando, Orange County, Florida, and because Defendant operates and does business in Orlando, Orange County, Florida.

### STATEMENT OF THE PARTIES

3. Plaintiff Abss is an individual residing in Orlando, Orange County, Florida.

4. Defendant OSH is a foreign (Delaware) limited liability company, with its principal place of business in Orlando, Orange County, Florida. At all times material to this action, Defendant maintained its offices in Orlando, Orange County, Florida.

5. OSH is an employer within the meaning of 29 U.S.C. Section 203(d). At all material times, OSH was engaged in interstate commerce and, upon information and belief, had annual sales of $500,000 or more.

6. Abss' damages exceed $75,000, exclusive of interest, attorneys' fees and costs.

## STATEMENT OF FACTS

7. Abss began her employment with OSH in or about July1, 2018 as "Manager of Tourism Development" in the Sales Department of OSH until she was terminated in September 2019. As the "Manager of Tourism Development" Abss duties included selling sporting event tickets to existing and prospective spectators. Ms. Abss did not manage anyone during her employment with OSH and performed entirely non-exempt duties during her employment with OSH.

8. Abss was misclassified by OSH as "exempt" under the FLSA and was paid primarily on a salary basis during her employment. Abss regularly worked in excess of forty (40) hours per week by working her regularly scheduled hours and numerous additional hours required by Defendant. Abss was required to attend games, networking events and was required to communicate with foreign existing and prospective clients at all hours of the day and night.

9. Abss primary duties did not include the management or supervision of any employees and she did not perform any managerial tasks. In fact. Abss primary duty during her employment was selling sporting event tickets to prospective and existing clients.

10. Abss primary duties did not include the performance of office or non-manual work directly related to the management or general business operations OSH and its customers.

11. Abss primary duties did not include the exercise of discretion and independent judgment with respect to matters of significance.

12. Abss job did not require the use of advanced knowledge or the engagement in artistic or creative endeavors. Abss position did not require advanced knowledge in a field of science or learning, that must be customarily acquired by a prolonged course of specialized intellectual instruction.

13. Abss work schedule during her employment was from 8:00 a.m. to 5:00 p.m. each day of the workweek. Although she typically worked at least 65 hours each week, Abss was never paid for any of the hours she worked over 40.

14. As a result of OSH's violations of the FLSA, Abss has suffered a loss of wages, liquidated damages and attorneys' fees and costs associated with this action.

## COUNT I
## Unpaid Overtime in Violation of the FLSA

15. Abss incorporates by reference each of the allegations set forth in paragraphs 1 through 14, above as if fully set out herein.

16. This is an action for unpaid overtime and other damages and equitable relief under the FLSA, including, but not limited to, declaratory and injunctive relief.

17. At all relevant times, Defendant OSH was an "employer" as defined by 29 U.S.C. Section 203(d) as it was "acting directly or indirectly in the interest of an employer in relation to an employee."

18. Plaintiff Abss was an "employee" of OHS within the meaning of the 29 U.S.C. Section 203(e) and had been employed by OSH since in or about July 2018.

19. Despite Abss job title as "Manager of Tourism Development" (which is not determinative), she was not "employed in a bona fide executive, administrative, or professional capacity." As such, Abss was not exempt from the overtime compensation requirements of the FLSA.

20. Upon information and belief, OSH has an annual dollar volume of sales or business that equals or exceeds $500,000.00. OSH is also engaged in interstate commerce, transacting business across state lines. As such, Abss is a covered employee under the FLSA.

21. The FLSA requires employers to pay their employees one and one-half times the employee's usual hourly wage for all hours worked in excess of forty hours per week. 29 U.S.C. § 207(a)(1).

22. OSH regularly employed Abss in excess of 40 hours in a workweek and did not pay her at a rate of one and one-half times her regular rate of pay for all hours worked in excess of 40 hours in a workweek. Indeed, Abss was not paid for more than 40 hours a week even at her regular rate of pay. As such, OHS engaged in a pattern and practice of violating 29 U.S.C. Section 207 of the FLSA with respect to Abss.

23. OHS's actions were deliberate, willful, and without good faith or any legal justification within the meaning of the FLSA.

24. OSH is also liable under the FLSA for failing to maintain proper time records. Abss's paystubs indicate that she only worked 40 hours a week, when she routinely worked at least 65 hours a week.

25. As a direct and proximate result of OSH unlawful conduct, Abss has suffered, and will continue to suffer, a loss of income and other damages and is entitled to liquidated damages and attorneys' fees and costs incurred in connection with this claim.

26. OSH conduct constitutes a willful violation of 29 U.S.C. Section 255(a) of the FLSA and OSH knew and showed reckless disregard of the fact that their compensation practices were in violation of these laws.

27. Abss is entitled to recover her attorneys' fees and costs connected with this action pursuant to 29 U.S.C. Section 216(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court:

A. Unpaid overtime wages;

B. An additional equal amount equal to the unpaid overtime wages as liquidated damages;

C. Prejudgment interest in the event liquidated damages are not awarded;

D. A reasonable attorney's fee and costs; and,

E. Such other relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff demands a jury trial of all claims so triable.


Dated:  April 13, 2021.

    Respectfully submitted,

    **BURRUEZO & BURRUEZO, PLLC**

    */s/ Deborah E. Frimmel, Esq.*
    **CARLOS J. BURRUEZO, ESQ.**
    Florida Bar Number 843458
    carlos@burruezolaw.com
    docketing@burruezolaw.com
    **DEBORAH E. FRIMMEL, ESQ.**
    Florida Bar Number 93970
    deborah@burruezolaw.com
    911 Outer Road
    Orlando, Florida 32814
    Office: 407.754.2904
    Facsimile: 407.754.2905

    Attorneys for Plaintiff, JULIANA ABSS DUARTE

4849-4454-7802, v. 1